An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO: K.R.N.; A.N.N.; J.W.N. AND L.A.N., MINORS.<br><br>LAURA J.N.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA DIVISION OF CHILD AND FAMILY SERVICES, DEPARTMENT OF HEALTH AND HUMAN RESOURCES,<br>Respondent. | No. 61808<br><br>**FILED**<br><br>APR 1 2 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY  |

### ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to four of her minor children. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, token efforts, or a risk of serious physical or emotional injury to the child if the child is returned to the parent. NRS 128.105(2); Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). In determining parental neglect or unfitness, the court may consider whether an emotional or mental illness "renders the parent consistently unable to care for the immediate and continuing physical or psychological needs of the child for

13-10851

extended periods of time." NRS 128.106(1). The purpose of terminating parental rights "is not to punish parents, but to protect the welfare of children." Matter of N.J., 116 Nev. at 801, 8 P.3d at 133. This court will uphold the district court's termination order if it is supported by substantial evidence. Matter of D.R.H., 120 Nev. at 428, 92 P.3d at 1234.

On appeal, appellant contends that there was not clear and convincing evidence of parental fault or that termination was in the children's best interests. Appellant argues that she had made significant progress on her case plan, attended counseling and made efforts to address her mental health issues, and demonstrated her ability to provide stability for the children. Additionally, appellant asserts that the State's initial goal of reunification was changed to a goal of termination based merely on an incident in which appellant's boyfriend pushed her during an argument. Appellant also contends that the State did not make reasonable efforts to reunify the family, or to locate a relative for possible placement or the establishment of a guardianship.

Having considered appellant's arguments along with the appellate record, we conclude that the district court properly terminated appellant's parental rights as to the four children. The district court found that appellant had unstable living conditions, multiple suicide attempts, and serious unresolved mental health issues, all of which detrimentally affected the children. The court also found that the foster care placements for the children, although not perfect, provided more stability for the children over the preceding two years. A review of the record shows that substantial evidence supports the district court's findings that the State establishes by clear and convincing evidence parental fault and that termination of appellant's parental rights was in the children's best

SUPREME COURT
OF
NEVADA

(O) 1947A

2

interests. See Matter of N.J., 116 Nev. at 800, 8 P.3d at 132; Matter of D.R.H., 120 Nev. at 428-33, 92 P.3d at 1234-37. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Steve L. Dobrescu, District Judge
Michael L. Shurtz
Attorney General/Las Vegas
White Pine County Clerk